OPINION
{¶ 1} Appellants Jay Jarel James Stephenson and Jennifer Stephenson appeal from the April 5, 2002, Entry of the Fairfield County Court of Common Pleas, Probate Division, dismissing their Petition for Adoption of Jeffrey Ellis, II.
 STATEMENT OF THE FACTS AND CASE {¶ 2} On October 4, 2001, appellants filed a Petition for Adoption of Jeffrey Ellis, II (DOB 9/2/99) in the Fairfield County Court of Common Pleas, Probate Division. Appellants, in their Petition, indicated that Jeffrey, who was not living with them at the time and had been living with Carl and Diana Lape since August of 2000, was in the temporary custody of the Fairfield County Children Services Board.[1]
On the same date, a Consent to Adoption signed by Jeffrey's mother was filed.
 {¶ 3} As memorialized in a Judgment Entry filed on October 10, 2001, the trial court appointed Fairfield County Childrens Services "as assessor to make an assessment and to inquire into the conditions and antecedents of the minor sought to be adopted and the petitioner in the within cause."
 {¶ 4} Thereafter, an Amended Petition for Adoption was filed by appellants on December 18, 2001, stating that Jeffrey was in the permanent custody of the Fairfield County Childrens Services Board. Appellants, in both original Petition and the Amended Petition, indicated that the consent of the putative father was not required since the putative father had "failed without justifiable cause to communicate with the minor for a period of at least one year immediately preceding the filing of the adoption petition or the placement of the minor in the home of the petitioner and had "failed without justifiable cause to provide for the maintenance and support of the minor as required by law or judicial decree for a period of at least one year immediately preceding the filing of the adoption petition or the placement of the minor in the home of the petitioner."
 {¶ 5} On January 25, 2002, Carl and Diana Lape also filed a Petition seeking to adopt Jeffrey.
 {¶ 6} A trial was scheduled in this matter for February 28, 2002. Appellee Fairfield County Childrens Services, on February 14, 2002, filed a Motion to Dismiss both the original Petition and the Amended Petition for Adoption of the appellants. Appellee, in such motion, alleged, in part, that the original Petition and the Amended Petition should be dismissed on procedural grounds "given the fact that the requirements of Ohio Revised Code Sections 3107.12 and 3107.13 will not be able to be met." A memorandum in opposition to the Motion to Dismiss was filed by appellants on March 5, 2002, after the trial court continued the trial date.
 {¶ 7} As memorialized in an Entry filed on April 5, 2002, the trial court granted appellee's Motion to Dismiss stating, in relevant part, as follows:
 {¶ 8} "The Court finds that the third argument is well-taken. Clearly, the Court has the jurisdiction and authority to make the final decisions regarding adoptions, including entertaining and granting petitions of adoption where the placing Children's Services agency has refused to consent. However, as the Fifth District Court of Appeals similarly pointed out in In Re Jones, 1999 Ohio App. Lexis 5504 (5th District), this Petition for Adoption is subject to dismissal on procedural grounds because the requirements of R.C. 3807.12 [sic] and R.C. 3107.13
cannot be met because the Stephensons [appellants] have not obtained legal placement of the child. Therefore, this Court DISMISSES the Amended Petition for Adoption filed by the Stephensons." The trial court, in its entry, noted that while the Fairfield County Childrens Services refused to consent to the Adoption Petition filed by appellants, it consented to the Adoption Petition filed by the Lapes.
 {¶ 9} It is from the trial court's April 5, 2002, Entry that appellants now appeal, raising the following assignment of error:
 {¶ 10} "THE PROBATE COURT ERRED IN DISMISSING PETITIONERS-APPELLANTS' AMENDED PETITION FOR ADOPTION."
 {¶ 11} This case comes to us on the expedited calender, under App.R. 11.2.
 I {¶ 12} Appellants, in their sole assignment of error, argue that the trial court erred in dismissing appellants's Amended Petition for Adoption. We disagree.
 {¶ 13} As is stated above, the trial court in this matter, in its April 5, 2002, Entry, dismissed appellant's Amended Petition for Adoption "on procedural grounds because the requirements of R.C. 3807.12 [sic] and R.C. 3107.13 cannot be met because the Stephensons have not obtained legal placement of the child."
 {¶ 14} R.C. 3107.12 states, in relevant part, as follows:
 {¶ 15} "(A) Except as provided in division (B)[2]
of this section, an assessor shall conduct a prefinalization assessment of a minor and petitioner before a court issues a final decree of adoption or finalizes an interlocutory order of adoption for the minor. On completion of the assessment, the assessor shall prepare a written report of the assessment and provide a copy of the report to the court before which the adoption petition is pending.
 {¶ 16} "The report of a prefinalization assessment shall include all of the following:
 {¶ 17} "(1) The adjustment of the minor and the petitioner to the adoptive placement;
 {¶ 18} "(2) The present and anticipated needs of the minor and the petitioner, as
 {¶ 19} determined by a review of the minor's medical and social history, for adoption-related services, including assistance under Title IV-E of the "Social Security Act," 94 Stat. 501 (1980), 42 U.S.C.A. 670, as amended, or section 5153.163 of the Revised Code and counseling, case management services, crisis services, diagnostic services, and therapeutic counseling.
 {¶ 20} "(3) The physical, mental, and developmental condition of the minor;
 {¶ 21} "(4) If known, the minor's biological family background, including identifying information about the biological or other legal parents;
 {¶ 22} "(5) The reasons for the minor's placement with the petitioner, the petitioner's attitude toward the proposed adoption, and the circumstances under which the minor was placed in the home of the petitioner;
 {¶ 23} "(6) The attitude of the minor toward the proposed adoption, if the minor's age makes this feasible;
 {¶ 24} "(7) If the minor is an Indian child, as defined in 25 U.S.C.A. 1903(4), how the placement complies with the "Indian Child Welfare Act of 1978," 92 Stat. 3069, 25 U.S.C.A. 1901, as amended;
 {¶ 25} "(8) If known, the minor's psychological background, including prior abuse of the child and behavioral problems of the child.
 {¶ 26} The assessor shall file the prefinalization report with the court no later than twenty days prior to the date scheduled for the final hearing on the adoption unless the court determines there is good cause for filing the report at a later date".
 {¶ 27} In turn, R.C. 3107.13 provides, in pertinent part:
 {¶ 28} "(A) A final decree of adoption shall not be issued and an interlocutory order of adoption does not become final, until the person to be adopted has lived in the adoptive home for at least six months after placement by an agency, or for at least six months after the department of job and family services or the court has been informed of the placement of the person with the petitioner, and the department or court has had an opportunity to observe or investigate the adoptive home, or in the case of adoption by a stepparent, until at least six months after the filing of the petition, or until the child has lived in the home for at least six months."
 {¶ 29} As noted by this Court in In the Matter of Jones (Nov. 15, 1999), Licking App. Nos. 99-CA-65, 99-CA-66, 99-CA-67, 99-CA-68 and 99-CA-69, "the requirements set forth in R.C. 3107.12 and R.C. 3107.13
must be met before a final decree of adoption can issue . . ."
 {¶ 30} In the case sub judice, at the time appellants filed their Amended Petition for Adoption, appellants did not have legal placement of Jeffrey. Rather, in August of 2000, Jeffrey had been placed by the Fairfield County Childrens Services with Carl and Diana Lape, who also sought to adopt Jeffrey. For such reason, the requirements of R.C. 3107.12
and R.C. 3107.13 could not be met by appellants. Specifically, since appellants did not have placement of Jeffrey at any time, let alone the six months required under R.C. 3107.13, a pre-finalization assessment could not be completed.[3] As we noted in Jones, "nothing in R.C.3107.12 requires the trial court to place a child with an adoption petitioner. It just requires the pre-finalization assessment to be done on a placement that has occurred with an adoption petitioner." The trial court, therefore, did not err in dismissing appellants' petition since appellants cannot meet the requirements of R.C. 3107.12 and 3107.13.
 {¶ 31} Appellants' sole assignment of error is, therefore, overruled.
 {¶ 32} Accordingly, of the Fairfield County Court of Common Pleas, Probate Division is affirmed.
By Edwards, J., Hoffman, P.J. and Boggins, J. concur.
Topic: Adoption Petition — Dismissed
[1] Appellants, in their Petition, also sought to change Jeffrey's name to Joseph Aaron Stephenson.
[2] Division (B) of R. C 3107.12 is not applicable since it deals with when an adoption petitioner is a minor's stepparent or foster caregiver. Such is not the case in this matter.
[3] On February 14, 2002, the Fairfield County Childrens Services filed a document with the trial court indicating that it could not complete a prefinalization assessment since "the child sought to be adopted is not living with the petitioners; . . ."